Covenant.

Case 17.

# Pence's Heirs *vs* Duvall's Heirs, &c.

ERROR TO THE SHELBY CIRCUIT.

*Covenants. Warrants. Pleadings. Damages.*

December 28.

JUDGE BRECK delivered the opinion of the Court.

Where a covenant of warranty which descends with land is broken after the land has descended to heirs, the right of action is in them.

THE objection to the declaration that the right of action was in the administrator, and not the heirs of Coonrod Pence, is invalid. The covenants of warranty in the deeds from Duvall to Pence, passed with the land, and as the alleged eviction was after the land had descended to Pence's heirs, they were entitled to maintain the action, and not the administrator.

Where a covenant is to warrant against the claim of a particular person or

Nor is the declaration deemed defective because it contains no averment that the eviction was under an adverse paramount title. to that of the grantor, Thompson Duvall. The warranty was against the claim of

the said Duvall and his wife, and their heirs, and also against the claims of all persons whatsoever. The eviction is alleged to have been by the heirs of the wife, upon title descended to them from her. And as 'there is an express covenant of warranty against her and her heirs, it was not necessary to aver that the eviction was under a paramount title: *Patton* vs *Kennedy*, (1 *Marshall*, 389.)

The other objections to the declaration being also deemed untenable, it results that the Court below erred in sustaining the demurrer.

The defendant's third plea is manifestly bad, and the demurrer to it should have been sustained. ·

. We are also of opinion that the defendant's fifth plea is insufficient. It alleges that the consideration recited in the deed, as paid for the land, had not been paid, or any part thereof. It seems to us *that* fact cannot be rendered available at law, as a bar to the plaintiff's action.

·The criterion of damages in a case of this kind, is the value of the land at the time of the sale and interest, and the best evidence of that value, is held to be the price given, or the purchase money, not the amount actually paid at the time, but the amount secured or stipulated to be paid. We do not perceive any principle upon which the failure of the grantee to pay the stipulated price, can absolve the grantor from his covenant. The demurrer should, therefore, have been sustained.

Wherefore, the judgment is reversed and the cause remanded, with directions to overrule the defendant's demurrer to the declaration, and to sustain the plaintiff's demurrers to the defendant's third and fifth pleas, and for further proceedings.

*McHenry, Throop & Johnston* for plaintiffs; *Cates* for defendants.

PENCE's HEIRS
vs
DUVALL's H's.

his title, it is sufficient to aver an eviction by such title without avering that it was paramount *Patton* vs *Kennedy*, (1 *Marshall*, 389.)

A plea to an action of covenant on a deed for breach of warranty, averring that the consideration recited in the deed to have been paid, is not paid, is not a good plea.

The criterion of damages in an action for breach of warranty, is the consideration agreed to be paid by the vendee.